**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JESSIE HILL                                                                          PLAINTIFF
ADC #104136

V.                                          NO: 5:15CV00154 KGB/JWC

RAY HOBBS *et al*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  Your

objections must be received in the office of the United States District Court Clerk no later than

fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Jessie Hill, an inmate who is currently incarcerated at the Arkansas Department of

Correction's Tucker Maximum Security Unit, filed a *pro se* complaint, along with an application for

leave to proceed *in forma pauperis*, on May 13, 2015.

Because Plaintiff's complaint should be dismissed, without prejudice, pursuant to the three-

1

strikes provision of the Prison Litigation Reform Act ("PLRA"), his application for leave to proceed *in forma pauperis* should be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Williams et al*, ED/AR No. 4:11CV00074, *Hill v. Anthony et al*, ED/AR No. 4:11CV00136, *Hill v. Hobbs et al.*, ED/AR No. 5:12CV00313. Plaintiff's three strikes have been recognized in this District previously. *See Hill v Arkansas State Crime Laboratory et al.*, ED/AR No. 4:15CV00141. The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Plaintiff has raised multiple claims dating back to July 14, 2014, which include allegations of excessive force, due process violations, conditions of confinement claims, and claims of inadequate medical care regarding a shoulder injury and vision problems. Many of Plaintiff's claims have been raised in a previous lawsuit, and were found to not rise to describe imminent danger of a serious physical injury.[1] Although Plaintiff has complained of inadequate

---

[1]*See Hill v. Hobbs et al*, ED/AR No. 5:15CV00064.

2

medical care with respect to a shoulder injury, he concedes in his complaint that he had surgery on April 24, 2015, only two weeks before he signed his complaint (docket entry #2, page #27).  Plaintiff claims that he is not provided "proper" physical therapy for his rehabilitation, but has attached a sheet with exercise instructions for him to follow in rehabilitating his shoulder.  Plaintiff's alleged vision problems were evaluated at the Jones Eye Clinic as early as August of 2014 (docket entry #2, page #22), and he has alleged no facts to establish a imminent danger of injury with respect to his vision.[2]  Accordingly, Plaintiff has failed to plead any imminent danger adequately, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's motion for leave to proceed *in forma paupeirs* (docket entry #1) be DENIED, and his complaint be DISMISSED WITHOUT PREJUDICE.  If Plaintiff wishes to continue this case, he should be required to submit the statutory filing and administrative fees of $400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the cases's dismissal, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case should be reopened.

2.      The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma paueris* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 19th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff's vision claims were part of *Hill v. Hobbs et al*, ED/AR No. 5:15CV00064 (see docket entry #14, pages #38-#39 & #43).